Case 4:14-cv-01570   Document 44   Filed on 10/08/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 08, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOM BUNCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1570 |
| | § | |
| MATTHEW SWALINKAVICH, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This case arises out of a 2011 management agreement between Tom Bunch, a provider of professional management services to musicians, and Matthew Swalinkavich, professionally known as Makana, a guitarist. Bunch alleges that Swalinkavich breached the management agreement in a number of ways before purporting to terminate it in 2013. Bunch sued in Texas state court, and Swalinkavich timely removed to this federal court. Swalinkavich admitted in his answer that he had signed the management agreement but claimed that he had terminated it for Bunch's nonperformance. Swalinkavich alleged that he had performed his obligations under the agreement before terminating it, denying any breach, and he asserted affirmative defenses and counterclaims for Bunch's breach of the agreement, for violations of the Texas Deceptive Trade Practices Act, for fraud and fraudulent inducement, and for conversion.

In 2014, this federal action was stayed due to a proceeding pending before the California Labor Commission alleging that Bunch had violated California law governing talent agents such as Bunch. (Docket Entry No. 14). This court reinstated this federal action to the active docket in March 2021 and set a scheduling and docket control order. (Docket Entry Nos. 19, 29). After Bunch's third set of lawyers withdrew, (Docket Entry No. 32, 33), and counsel for Swalinkavich

moved for summary judgment, (Docket Entry No. 35), the court allowed Bunch additional time to find new counsel. (Docket Entry No. 38). Bunch did not do so, but he did file a response to the motion for summary judgment. (Docket Entry No. 40). Swalinkavich replied. (Docket Entry No. 42). As part of the reply, Swalinkavich notes that if the court grants summary judgment on Bunch's claims, Swalinkavich will dismiss his counterclaims. (*Id.*, at 4).

I. **The Legal Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Shepherd, on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it would affect the outcome of the case" and "a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378, 882–83 (5th Cir. 2019) (quotation marks omitted).

A court considering a motion for summary judgment must view "all evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in the non-movant's favor." *Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 479 (5th Cir. 2021). "However, to avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). The non-movant must "make a sufficient showing of an essential element of the case to which [he] has the burden of proof." *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). Rule 56 does not impose a duty on the court "to 'sift through the record in search of evidence to support' the non-movant's opposition to summary judgment." *Carr v. Air Line Pilots Ass'n Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (quoting *Forsyth v. Barr*, 19

F.3d 1527, 1537 (5th Cir. 1994)). Conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

**II.     Analysis**

Since March 2021, when the stay in this action was lifted and it was reinstated to the active docket, Bunch has failed to respond to written discovery, including requests for admission. Federal Rule of Civil Procedure 36(a)(3) requires that a written answer or objection to a request for admission be filed within 30 days after it is served unless a longer time for responding is stipulated under Rule 29 or ordered by the court. *See* Fed. R. Civ. P. 36(a)(3). A failure to file timely respond results in the matter being "admitted." *Id.*; *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991). "Any matter admitted under Rule 36 is deemed conclusively established," and "the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008).

Bunch's failure to respond to the requests for admission deems the admissions established. The deemed admissions include that the management agreement was invalid and unenforceable as the product of fraudulent inducement; that Bunch failed to perform his obligations under the agreement; and that Bunch repudiated the agreement. (Docket Entry No. 35 and Ex. A). Bunch's response to the summary judgment motion is an unrestrained set of ad hominem accusations that Swalinkavich's counsel and Swalinkavich have repeatedly lied on the merits and that they have given "BS excuses" and played a "series of tricks" to avoid depositions or discovery, without identifying deposition notices or discovery requests. (Docket Entry No. 40). At the same time, Bunch acknowledges that he and two sets of his prior counsel told courts that they were ready to

3

go straight to trial with no depositions or discovery. (*Id.*). Bunch alleges that Swalinkavich has committed "repetitive lies and rants," and that the summary judgment motion must be denied to allow Bunch's 2013 complaint to "be amended to a simple contract dispute and the scheduling expanded to allow for these charges." (*Id.*)

Bunch's response to the summary judgment motion does not address Swalinkavich's argument that his own discovery failures establish an uncontroverted basis to grant the motion. Bunch instead accuses his now-withdrawn former lawyers of failing to follow his instructions on how to proceed in what Bunch asserts should have been a "simple" contract dispute litigated only in Texas. He accuses his former lawyers of violating their agreements with him and committing malpractice. Bunch's response fails to respond to the arguments supporting summary judgment, instead attacking his own prior lawyers and asking this court to answer questions about the California case that have not been raised in the summary judgment motion and are beyond the record in this case.

Swalinkavich's reply to Bunch's response to the summary judgment motion points out these deficiencies and Bunch's litigation misconduct that the deficiencies reflect. (Docket Entry No. 42). Swalinkavich also submitted evidence that Bunch has failed to respond to discovery requests and obligations in the California case, and that Bunch's litigation conduct in that case was also inappropriate.

At bottom, this is an old case in which the parties found their contractual relationship with each other unworkable, and the plaintiff's lawyers found their professional relationship with the plaintiff unworkable. The result has been a failure to prosecute effectively or diligently, or within the limits of acceptable professional court standards.

### III. Conclusion

The court grants Swalinkavich's motion for summary judgment dismissing Bunch's claims for breach of a valid, enforceable contract. The court also grants Swalinkavich's motion to dismiss his counterclaims.

An Order of Dismissal will be separately entered.

SIGNED on October 8, 2021, at Houston, Texas.

                                             _____
                                                          Lee H. Rosenthal
                                              Chief United States District Judge